## McMANUS et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. January 4, 1926. Rehearing Denied January 29, 1926.)

No. 4671.

Post office ⬅═6—Plaintiffs held not entitled to recover rental value of premises used as post office, where they had defaulted under express contract by not paving street and grading alley in accordance with proposal.

Where proposal for lease of post office, submitted to Postmaster General, contemplated paving of street in front of building and reduction of grade in alley, which proposal was accepted by government and possession taken, *held* that such proposal and acceptance constituted an express contract between the parties, the plaintiffs could not recover rental value where they were in default, in that contemplated paving and grading had not been completed, and government, being ready and willing to execute lease and pay rent on compliance with proposal, was not in default.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by Mrs. Agnes McManus and George J. McManus against the United States. Judgment for the United States, and plaintiffs bring error. Affirmed.

R. B. Creager, of Brownsville, Tex., Geo. A. Hill, Jr., of Houston, Tex., Chas. F. O'-Donnell, of Dallas, Tex., and T. M. Kennerly, of Houston, Tex. (Cockrell, McBride, O'Donnell & Hamilton, of Dallas, Tex., and Kennerly, Williams, Lee & Hill, of Houston, Tex., on the brief), for plaintiffs in error.

Henry Zweifel, U. S. Atty., and N. A. Dodge, Sp. Asst. U. S. Atty., both of Fort Worth, Tex. (Shelby S. Faulkner, Asst. U. S. Atty., of Washington, D. C., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case plaintiffs in error, hereafter referred to as plaintiffs, brought suit under the Tucker Act (24 Stat. 505), to recover of the United States for the use and possession of certain premises in the town of Ranger, Tex., used as a post office, for which it is alleged a reasonable rental would be $350 per month. The jury was waived, and the case submitted to the judge, who made special findings of fact and conclusions of law. There is no dispute as to the facts, and the assignments of error may be summarized as an objection to the entering of the judgment on the facts found.

Briefly stated, the facts found by the District Court are these: In December, 1919, George A. Parton and George J. McManus, and their respective wives, who were then the owners of the premises in question, submitted a proposal to the Postmaster General to lease a part of the building to the United States for a period of 10 years, at a yearly rental of $12, in the expectation that the location of the post office would enhance the value of other property in the vicinity. This proposal was accepted by the government, and possession was taken of the premises with the consent of plaintiffs. Plaintiffs are now the sole owners of the premises, and entitled to the rights and subject to the liabilities arising from the contract. The proposal contemplated that Elm street, in front of the building, would be paved, and that the grade of an alley in the rear would be reduced to prevent overflow of the room by storm water. Elm street has not been paved, nor has the alley been reduced in grade, in consequence of which the room becomes overflowed in heavy rains, and it has not been put in proper condition, so that the lease could not be made as contemplated. No rent has been paid, but the government has been ready and willing at all times to execute the lease and pay the rent on compliance by plaintiff with the proposal made and accepted. There has been no waiver on the part of the government of the conditions of the proposal.

On these findings of fact, the District Court concluded that the proposal and acceptance constituted an express contract between the parties; that the plaintiffs had defaulted and are still in default on the contract; that there was no default on the part of the government; and that therefore plaintiffs are not entitled to recover anything at all. In these conclusions we concur.

Affirmed.